# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-807-RJC

| | |
|---|---|
| **GILBERT LAMAR FOUST,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **LEWIS GRAY,** ) | |
| **Administrator, Carteret** ) | |
| **Correctional Institution,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss the federal habeas petition filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court finds that Petitioner has failed to state any meritorious claims for relief, and his § 2254 petition will therefore be denied and dismissed.

## I. BACKGROUND

Petitioner is presently a prisoner of the State of North Carolina. According to the record, Petitioner was charged with breaking and entering, one count of possession of stolen goods, and one count of larceny after breaking and entering. The underlying offense conduct was set forth in an affidavit prepared by an officer with the Charlotte Mecklenburg Police Department (CMPD). The affidavit alleged that on June 22, 2011, Petitioner was observed on a video surveillance camera illegally entering a warehouse at Macoser, Inc. wherein he stole two boxes containing equipment which included a Fluke digital multimeter, a Fluke handheld oscilloscope, and an AC/DC probe which were reportedly worth in excess of $3,000.

1

Det. Dickinston of the CMPD was assigned to the case and during his investigation he visited a business called the Tool King to determine whether any of those items had been sold there. Shannon Scott, an employee of Tool King, identified Petitioner from a copy of his driver's license and noted that Petitioner was a regular customer. (Doc. No. 1-1 at 4: Scott Statement). Mr. Scott informed the detective that he had purchased a Fluke multimeter and a Fluke scope from Petitioner on June 22. Mr. Scott explained that the scope had already been sold but the detective was able to take possession of the multimeter as evidence and present it to an employee of Macoser, Inc., Wesley Goodnight, who was then able to positively identify the item as the one that had just been stolen. (Doc. No. 1-1 at 4: 6: Warrant Affidavit).

Petitioner was charged in connection with the alleged theft. After securing counsel, the State presented Petitioner with a plea offer which provided that the charges of larceny after breaking and entering and a charge of being a habitual felon would be dismissed if Petitioner agreed to plead guilty to breaking and entering and possession of stolen goods. The offer carried a recommended term of consecutive sentences of 19-23 months' imprisonment, which was in the aggravated range, for a total term of 38 to 46 months, and the offer would expire on the date of Petitioner's arraignment. In addition, the State explained in the offer that if it was not accepted then the State would proceed to trial on all charges and seek the maximum sentence of 276 to 350 months in prison. (Doc. No. 1-1at 11-12).

Petitioner accepted the offer and later appeared with counsel and entered his guilty pleas on December 7, 2011. Petitioner was placed under oath and acknowledged that the charges had been explained to him by his attorney and that he understood each and every element of the charges. Petitioner averred that he had discussed the possible defenses to the charges and that he

was satisfied with the services of his attorney. Petitioner expressed his understanding that he was expressly waiving his right to plead not guilty and proceed to trial where the State would have the burden of proving his guilt beyond a reasonable doubt. Petitioner admitted that he was in fact guilty of the conduct charged and Petitioner's pleas of guilty were accepted after the court found that his pleas were knowingly and voluntarily entered. (Doc. No. 8-2: Transcript of Plea; Doc. No. 8-3: Judgment and Commitment). Petitioner was sentenced in accordance with the plea agreement and he did not file a direct appeal. Instead he filed a motion for appropriate relief (MAR) in the Mecklenburg County Superior Court, which was dated April 2, 2012.

In the MAR, Petitioner argued that his right to due process was violated, that he received ineffective assistance of counsel, and that his plea was unlawfully induced and therefore not voluntarily entered. (Doc. No. 1 at 2; Doc. No. 8-4: MAR). On April 11, 2012, the superior court entered an order summarily denying the MAR and Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals, and an amended petition that were each denied. (Doc. No. 8-5: MAR Order; Doc. No. 8-9). Next, Petitioner filed a "Motion to Vacate" his sentence in superior court, and again maintained that his convictions were illegally obtained. However, no action was taken on the motion to vacate as he had already filed a MAR which had been denied. This federal habeas petition follows and Petitioner's claims for relief will be addressed in turn below.

## II. STANDARD OF REVIEW

Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court

3

proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 n.2 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

## III. DISCUSSION

Petitioner generally contends that his conviction was obtained in violation of his right to due process, that his guilty plea was not knowing and voluntary, and that he received ineffective

assistance of counsel. In order to state a claim for ineffective assistance of counsel, the petitioner bears the burden of demonstrating both that his counsel's performance was deficient and that he suffered prejudice from the performance. See Strickland v. Washington, 466 U.S. 668, 688 (1984). In the context of a guilty plea, Petitioner must also show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In his MAR, Petitioner argued ineffective assistance of counsel; prosecutorial misconduct in withholding evidence against him; he presented a general challenge to the strength of the evidence against him, and he challenged the validity of his guilty plea. The state MAR court summarily denied his motion after finding that it lacked merit and the court of appeals denied further review. This represents an adjudication on the merits and Petitioner must therefore satisfy the provisions of § 2254(d) by showing that the State court adjudication was contrary to or presents an unreasonable application of federal law as determined by the Supreme Court; or that it resulted in a decision that was an unreasonable determination of the facts. See Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, supra).

In evaluating the state court decision, the habeas court must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the [Supreme] Court. See Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). A petitioner bears the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement. Id. ("It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . [i]f this standard is difficult to meet, that is because it was meant to be.") (internal citation omitted).

Petitioner cannot demonstrate that the state court's ruling was erroneous, and he has failed to present any reasonable evidence that he is entitled to relief under any provision of § 2254(d). It is clear that success in this federal habeas proceeding would depend on a finding that the state court erred in concluding that his guilty plea was not knowingly and voluntarily entered and that his counsel rendered deficient performance in the lead up to his guilty plea. Petitioner presents minute challenges to his counsel's efforts prior to the entry of his plea contending that she failed to challenge the evidence against him, and to challenge the validity of the charges themselves. Petitioner's solemn admission during his plea hearing that he was factually guilty of the charges of breaking and entering and possession of stolen goods overwhelms his present claims.

It is well understood that a valid plea of guilty represents an admission to the material elements of a crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). During his plea hearing, Petitioner admitted under oath that he understood each element of the crimes charged, that he was satisfied with the services of his attorney and that he was in fact guilty of the crimes charged. The sworn statements of a defendant during a plea hearing, where the state court is responsible for assessing the truthfulness of his answers, "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Moreover, a valid guilty plea may waive any non-

jurisdictional defects which are alleged to have preceded the acceptance of the plea. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). In <u>Tollett</u>, the Supreme Court found that a valid guilty plea generally bars federal review of claims relating to the possible constitutional violations occurring prior to the entry of the plea. The Court found that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that" he received advice which could support a claim of ineffective assistance of counsel. <u>Id.</u> Petitioner has clearly failed to carry this burden as he does not present any reasonable argument as to how his counsel's alleged errors caused him prejudice. In fact, the record before the Court demonstrates what appear to be successful negotiations by his trial counsel in a case that contained evidence of overwhelming guilt.

The Court first notes that the plea bargain negotiated by counsel resulted in the State agreeing not to pursue the habitual felon charge or a second charge of breaking and entering and the agreement reduced his maximum possible sentence from a range of 276 to 350 months to 38 to 46 months in prison. (Doc. No. 1-1 at 10-11). Second, the statements that are noted in the affidavit for a warrant present strong evidence of Petitioner's guilt. Finally, Petitioner has made no reasonable showing that but for his counsel's alleged errors that he would have elected to plead not guilty and face the possible sentence of 276 to 350 months in prison.

In sum, the Court finds that Petitioner has failed to carry his burden of demonstrating the State's adjudication of the merits of his claims was erroneous and his claims of ineffective of counsel appear conclusory and entitle him to no federal habeas

relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing . . ."), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by, Gray v. Netherland, 518 U.S. 165-66 (1996). See also Zettlemoyer v. Fulcomer, 923 F.2d 284, 301) ("bald assertions and conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing . . ."). For the foregoing reasons, the habeas petition will be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Respondent's motion to dismiss is **GRANTED**. (Doc. No. 7).

2. Petitioner's motion to compel a response to interrogatories is **DENIED**. (Doc. No. 14).

3. Petitioner's petition for habeas corpus is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Robert J. Conrad, Jr.
United States District Judge